HARDY RAY MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
DAVID SZWARCSZTEJN, CA Bar No. 272371
david.szwarcsztejn@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendants
PERFORMANCE CONTRACTING, INC. and
PERFORMANCE CONTRACTING GROUP, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO CELIS PALOMERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE CONTRACTING, INC.; PERFORMANCE CONTRACTING GROUP, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.  8:22-cv-1243<br><br>**DEFENDANTS PERFORMANCE CONTRACTING, INC. AND PERFORMANCE CONTRACTING GROUP, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Request for Judicial Notice; Declarations of Anthony Rosetti and Griff Staley in Support of Removal]<br><br>Complaint Filed: April 21, 2022<br>Trial Date:          None<br>District Judge:    Hon. |

PLEASE TAKE NOTICE THAT Defendants Performance Contracting, Inc. ("PCI") and Performance Contracting Group, Inc. ("PCG"), by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446.  In support of such removal, Defendants state as follows:

## I.  PROCEDURAL BACKGROUND

On April 21, 2022, Plaintiff Rodolfo Celis Palomera ("Plaintiff") filed a class action complaint in the Superior Court of the State of California for the County of Orange, entitled, "*Rodolfo Celis Palomera, individually and on behalf of all others similarly situated, Plaintiffs, vs. Performance Contracting, Inc., Performance Contracting Group, Inc., and Does 1 to 20, inclusive, Defendants,*" and assigned Case No. 30-2022-0156009-CU-OE-CXC.

PCI and PCG were each served with the Summons and Complaint on May 31, 2022.  Copies of the Summons, Complaint, and all other documents served on Defendants are attached as "**Exhibit A**."

Plaintiff's Complaint alleges nine causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest Breaks; (5) Failure to Reimburse Business Expenses; (6) Failure to Provide Accurate Wage Statements; (7) Failure to Pay Wages Timely During Employment; (8) Failure to Pay All Wages Due Upon Separation of Employment; and (9) Violation of Business and Professions Code §§ 17200 *et seq*.

## II. CLASS ACTION FAIRNESS ACT JURISDICTION

### A.    Basis of Original Jurisdiction.

The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, 1446 and

1453.

**B.    Number of putative class members.**

Plaintiff alleges this putative class action on behalf of those "currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between October 15, 2017 and the date of class certification." (Complaint ("Compl.") ¶ 20).  The putative class, as defined in Plaintiff's Complaint, includes all current and former non-exempt employees of PCI in California from October 15, 2017 to the present.  Within that population, PCI employs, and during the relevant time period has employed, non-exempt employees who are members of distinct labor unions, according to each individual employee's particular trade and membership.  For example, during his employment with PCI, Plaintiff was a member of the Painters and Allied Trades District Council No. 36.  (Declaration of Griff Staley, ¶ 3.)  Based on a review of PCI's records, PCI employed 653 non-exempt employees who, according to PCI's records, were members of the Painters and Allied Trades District Council No. 36 and/or the District Council 16 International Union of Painters and Allied Trades ("PPCMs").  (*Id*., ¶ 4.)  Because Plaintiff's putative class, as pleaded, necessarily embraces the PPCMs, the putative class includes at least 653 persons.

**C.    Diversity of the parties.**

The minimal diversity requirement of Section 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizen of at least one defendant.  28 U.S.C. 1332(d)(2)(A).  Plaintiff, a putative class member, is a citizen of the State of California.  PCI and PCG are both corporations formed under the laws of the State of Kansas, with their principal place of business in Lenexa, Kansas.  (Declaration of Anthony Rosetti ("Rosetti Decl.") ¶¶ 2-5).  Thus, PCI and PCG are citizens of Kansas.  28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Citizenship of "Doe" defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1).

2

Case No.

DEFENDANTS PERFORMANCE CONTRACTING, INC. AND PERFORMANCE CONTRACTING
GROUP, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**D.      Amount in Controversy.**

Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

**Third Cause of Action – Failure to Provide Meal Periods**. Plaintiff alleges that the wrongful conduct he pleads in the operative Complaint is systematic: "Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders." (Compl ¶ 3.)  Plaintiff also maintains that the alleged wrongful "acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants." (*Id*. at ¶ 15.)  With respect to meal periods, Plaintiff pleads that "Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period."  (*Id*. at ¶ 61.)  Plaintiff also alleges that "Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods," and that consequently "Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation."  (*Id*. at ¶¶ 62-64.)

**Fourth Cause of Action – Failure to Permit Rest Breaks**.  As mentioned above, Plaintiff alleges that the wrongful conduct he pleads in the operative Complaint, including alleged rest break violations, is "systematic" and based on the "official policy" of Defendants.  (*Id*. at ¶¶ 3, 15.)  Specifically, Plaintiff alleges: "Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted."  (*Id*. at ¶ 31.)  Plaintiff similarly alleges: "[d]uring the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods."

(*Id*. at ¶ 68.)  Plaintiff further alleges that "[a]t all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order."  (*Id*. at ¶ 70.)  Plaintiff also alleges that "[a]s a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation."  (*Id*. at ¶ 71.)

In support of his Ninth Cause of Action, Plaintiff alleges that "Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as . . . failing to provide meal periods and rest breaks or compensation in lieu thereof . . . ."  (*Id*. at ¶ 101.)  Plaintiff alleges that the purported meal and rest period violations alleged in the Third and Fourth Causes of Action constitute unfair competition within the meaning of Business and Professions Code Section 17200.  (*Id*. at ¶¶ 97-106.)  The statute of limitations for such a claim is four years.  Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Products Co*., 23 Cal. 4th 163, 178-79 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

Based on a review of PCI's business records, the 653 PPCMs worked a total of approximately 115,275 work days over 3.5 hours, and a total of approximately 115,235 work days over 5 hours, during the four-year period from October 15, 2018 to the present, and received an average base hourly rate of $44.18.  (Staley Decl. ¶ 5.)

Assuming, *arguendo*, the truth of Plaintiff's allegations that "Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as . . . failing to provide meal periods and rest breaks . . ." (Compl. ¶ 101), putative class members are entitled to recover at least

**$1,018,216.46** for **unpaid meal period premium pay, assuming a conservative twenty percent (20%) violation rate**:  $44.18 (average base hourly rate for PPCMs during the four-year period) x 115,235 (work days over 5 hours worked by putative class during the applicable four-year period) x 20% (assumed violation rate) = **$1,018,216.46**.  Further, putative class members are entitled to recover at least **$1,018,569.90** for **unpaid rest period premium pay, assuming a conservative twenty percent (20%) violation rate**:  $44.18 (average base hourly rate for putative class members during the four-year period) x 115,275 (work days over 3.5 hours worked by putative class during the applicable four-year period) x 20% (assumed violation rate) = **$1,018,569.90**.

**Sixth Cause of Action – Failure To Provide Accurate Itemized Wage Statements**.  Plaintiff alleges that: "Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members."  (*Id*. at ¶ 82.)  Plaintiff maintains that the purported deficiencies "include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members."  (*Id*.)  Plaintiff further alleges:  "Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee."  (*Id*. at ¶ 83.)

Based on a review of PCI's business records, PCI employed 52 PPCMs who were each issued at least 41 wage statements for the applicable liability period from April 21, 2021 to the present.  Thus, according to Plaintiff's allegations, each of these 52 PPCMs who were issued at least 41 wage statements each during the one-year limitations period are entitled to recover the $4,000 maximum per employee in

wage statement penalties under Labor Code §226(e) ([1 (initial wage statement during one-year limitations period ) x $50] + [(40 (subsequent wage statements issued during one-year limitations period) x $100] = $4,050) for an aggregate total of at least $**208,000**: 52 (PPCMs who were each issued at least 41 wage statements during one-year limitations period) x $4,000 (maximum Labor Code §226(e) penalty) = $**208,000**.

Based on a review of PCI's business records, PCI employed an additional 158 PPCMs who were issued a total of 2,266 wage statements within the same applicable liability period from April 21, 2021 to the present.  (Staley Decl. ¶¶ 7-8.)  Each of these 158 PPCMs was issued fewer than 41 wage statements for the applicable pay periods during the one year limitations period from April 21, 2021 to the present. (*Id*.)  According to Plaintiff's allegations, these 158 PPCMs are entitled to recover at least $**218,700** in wage statement penalties under Labor Code §226(e)**:**  [158 (number of PPCMs) x $50] + [(2,266 (wage statements issued during one-year limitations period) – 158 (number of PPCMs)) x $100] = $**218,700**.

In aggregate, assuming the truth of Plaintiff's allegations, the putative class members are thus entitled to recover at least $**426,700** ($208,000 + $218,700) in penalties under Labor Code §226(e).

**Eighth Cause of Action – Failure to Pay All Wages Due Upon Separation of Employment**.  Plaintiff alleges that Defendants "willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, including, but not limited to, proper minimum wage and overtime compensation, meal period premiums, and rest period premiums either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ."  (*Id*. at ¶ 93.)  Plaintiff defines the Waiting Time Subclass as "[a]ll members of the Class who separated their employment with Defendant at any time between October 15, 2018 and the date of class certification."  (*Id*. at 21.)  Plaintiffs further allege "[p]ursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the

statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days." (*Id*. at ¶ 96.)  The statute of limitations for waiting time penalties under Labor Code §§ 201-203 is three years.  See Cal. Code of Civ. Proc. § 338(a).

Based on a review of PCI's business records, 360 PPCMs separated from their employment with PCI during the three-year period from October 15, 2018 to the present.  (Staley Decl. ¶ 6.)  These PPCMs worked an average of 7.2 hours per day during their employment, and earned an average hourly wage of $44.18.  (*Id*.)

Assuming, *arguendo*, the truth of Plaintiff's allegations, and assuming conservatively that each of the terminated PPCMs did not receive at least one (1) fully compliant meal period and/or at least one fully compliant rest break during the tenure of their employment and were not paid the corresponding meal and/or rest premium pay in lieu thereof, the terminated putative class members are entitled to recover at least **$3,101,436** in waiting time penalties:  $44.18 (average base hourly rate) x 7.2 (average work day) x 30 (maximum days of penalty pay) x 360 (number of PPCMs terminated during three-year period) = **$3,101,436.**

### E.    Summary of Amount in Controversy

Defendants deny all the material allegations of the Complaint and disputes all liability and Plaintiff's entitlement to any recovery.  Based on Plaintiff's allegations and Defendants' denial, the Complaint places in actual controversy more than the required $5 million for purposes of removal under CAFA, even without considering the amounts placed in controversy by the other alleged claims (unpaid overtime and minimum wages, expense reimbursements, etc.) and attorneys' fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation of the amount of controversy where an underlying statute authorizes an award of attorneys' fees).

| Claim | Amount in Controversy |
|---|---|
| Unpaid Meal Period Premiums | $1,018,216.46 |
| Unpaid Rest Break Premiums | $1,018,569.90 |
| Wage Statement Penalties | $426,700.00 |
| Waiting Time Penalties | $3,101,436.00 |
| **Total** | **$5,564,922** |

Accordingly, removal of this action under CAFA is proper under Section 1332(d).

## III.   COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United State in which the action is pending.  The state court action was pending in the Orange County Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

As required by 28 U.S.C. § 1446, Defendants hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as "**Exhibit A**").  Defendants have not received any pleadings, process or orders besides those attached.  Defendants' Answer to the Complaint is attached hereto as **Exhibit B**.

WHEREFORE, Defendants remove this action to this Court.

DATED: June 30, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Hardy Ray Murphy
　　　Hardy Ray Murphy
　　　David Szwarcsztejn

Attorneys for Defendants
PERFORMANCE CONTRACTING, INC.
and PERFORMANCE CONTRACTING
GROUP, INC.

8

Case No.

DEFENDANTS PERFORMANCE CONTRACTING, INC. AND PERFORMANCE CONTRACTING GROUP, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51741571.v1-Ogletree