# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 04/21/2022 02:44:59 PM.
30-2022-01256009-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>PERFORMANCE CONTRACTING, INC.; PERFORMANCE<br>CONTRACTING GROUP, INC.; and DOES 1 through 20, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>RODOLFO CELIS PALOMERA, individually and on behalf of all<br>others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of the State of California, for the County of Orange<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>**30-2022-01256009-CU-OE-CXC**<br><br>Judge Randall J. Sherman |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Ctr Drive, #100, Irvine, CA 92618, 949-379-6250

| DATE: 04/21/2022<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Georgina Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  PERFORMANCE CONTRACTING GROUP, INC

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A  PAGE 9**

Electronically Filed by Superior Court of California, County of Orange, 04/21/2022 02:44:59 PM.
30-2022-01256009-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

1  **AEGIS LAW FIRM, PC**
   SAMUEL A. WONG, State Bar No. 217104
2  KASHIF HAQUE, State Bar No. 218672
   JESSICA L. CAMPBELL, State Bar No. 280626
3  9811 Irvine Center Drive, Suite 100
4  Irvine, California 92618
   Telephone: (949) 379-6250
5  Facsimile: (949) 379-6251
   Email: jcampbell@aegislawfirm.com
6

Assigned for All Purposes
Judge Randall J. Sherman

CX-105

7  Attorneys for Plaintiff Rodolfo Celis Palomera, individually,
   and on behalf of all others similarly situated.

8

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                       **FOR THE COUNTY OF ORANGE**

13  RODOLFO CELIS PALOMERA,                Case No.  **30-2022-01256009-CU-OE-CXC**
14  individually and on behalf of all others
    similarly situated,                    **CLASS ACTION COMPLAINT FOR:**
15
              Plaintiffs,                   1.  Failure to Pay Minimum Wages;
16
                                            2.  Failure to Pay Overtime Wages;
17         v.
                                            3.  Failure to Provide Meal Periods;
18  PERFORMANCE CONTRACTING, INC.;          4.  Failure to Permit Rest Breaks;
    PERFORMANCE CONTRACTING
19  GROUP, INC.; and DOES 1 through 20,     5.  Failure to Reimburse Business Expenses;
    inclusive,                              6.  Failure to Provide Accurate Itemized Wage
20
21            Defendants.                       Statements;

22                                          7.  Failure to Pay Wages Timely During
                                                Employment;
23
                                            8.  Failure to Pay All Wages Due Upon
24                                              Separation of Employment; and
25                                          9.  Violation of Business and Professions
26                                              Code §§ 17200, *et seq*.
27                                          **DEMAND FOR JURY TRIAL**
28

                                CLASS ACTION COMPLAINT

1    Plaintiff Rodolfo Celis Palomera, individually and on behalf of others similarly situated,
2  alleges as follows:

3                    **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4    1.    Plaintiff Rodolfo Celis Palomera ("Plaintiff") brings this putative class action
5  against defendants Performance Contracting, Inc.; Performance Contracting Group, Inc., and
6  DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on
7  behalf of a putative class of California citizens who are and were employed by Defendants as
8  non-exempt employees throughout California.

9    2.    Defendants provide services or goods throughout California.

10   3.    Through this action, Plaintiff alleges that Defendants engaged in a systematic
11 pattern of wage and hour violations under the California Labor Code and Industrial Welfare
12 Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair
13 competition.

14   4.    Plaintiff is informed and believe, and thereon alleges, that Defendants have
15 increased their profits by violating state wage and hour laws by, among other things:

16       (a)    failing to pay all wages (including minimum wages and overtime wages);
17       (b)    failing to provide lawful meal periods or compensation in lieu thereof;
18       (c)    failing to authorize or permit lawful rest breaks or provide compensation
19               in lieu thereof;
20       (d)    failing to reimburse necessary business-related costs;
21       (e)    failing to provide accurate itemized wage statements;
22       (f)    failing to pay wages timely during employment; and
23       (g)    failing to pay all wages due upon separation of employment.

24   5.    Plaintiff seeks monetary relief against Defendants on behalf of himself and all
25 others similarly situated in California to recover, among other things, unpaid wages, un-
26 reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and
27 penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12,
28 1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

-1-

CLASS ACTION COMPLAINT

///

## JURISDICTION AND VENUE

6.      This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.      This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.     Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

CLASS ACTION COMPLAINT

13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20.     Plaintiff's proposed class consists of and is defined as follows:

-3-

EXHIBIT A  PAGE 13

Class

All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between October 15, 2017[1] and the date of class certification ("Class").

21.     Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between October 15, 2018 and the date of class certification ("Waiting Time Subclass").

22.     Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.     Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.     There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

     (a)     Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

     (b)     Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

-4-

CLASS ACTION COMPLAINT

(c) Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d) Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e) Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f) Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g) Whether Defendants failed to pay wages timely to Plaintiff and Class Members;

(h) Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i) Whether Defendants' conduct was willful or reckless.

(j) Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25.     There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a) Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

-5-

1    sustained by the Class Members, because they arise out of and are caused by Defendants'
2    common course of conduct as alleged herein.

3              (c)     Adequacy: Plaintiff will fairly and adequately represent and protect the
4    interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims
5    alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed
6    class counsel, are competent and experienced in litigating large employment class actions and
7    versed in the rules governing class action discovery, certification, and settlement. Plaintiff has
8    incurred and, throughout the duration of this action, will continue to incur attorneys' fees and
9    costs that have been and will be necessarily expended for the prosecution of this action for the
10   substantial benefit of the Class Members.

11             (d)     Superiority: The nature of this action makes use of class action
12   adjudication superior to other methods. A class action will achieve economies of time, effort, and
13   expense as compared with separate lawsuits and will avoid inconsistent outcomes because the
14   same issues can be adjudicated in the same manner for the entire Class and Waiting Time
15   Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods
16   to efficiently manage this case as a class action.

17             (e)     Public Policy Considerations: Employers in the State of California violate
18   employment and labor laws every day. Current employees are often afraid to assert their rights
19   out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions
20   because they believe their former employers might damage their future endeavors through
21   negative references and/or other means. Class actions provide class members who are not named
22   in the complaint with a type of anonymity that allows for the vindication of their rights while
23   affording them privacy protections.

24                              **GENERAL ALLEGATIONS**

25       26.     At all relevant times mentioned herein, Defendants employed Plaintiff and other
26   California residents as non-exempt employees throughout California at Defendants' California
27   business location(s).

28       27.     Defendants continue to employ non-exempt employees within California.

-6-

EXHIBIT A  PAGE 16

28.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the

-7-

EXHIBIT A  PAGE 17

1   Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business
2   expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were
3   incurred as a direct consequence of the discharge of their duties, or of their obedience to the
4   directions of Defendants.

5       33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
6   should have known that Plaintiff and Class Members were entitled to receive itemized wage
7   statements that accurately showed the following information pursuant to the Labor Code: (1)
8   gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units
9   earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all
10  deductions, provided that all deductions made on written orders of the employee may be
11  aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for
12  which the employee is paid; (7) the name of the employee and only the last four digits of his or
13  her social security number or an employee identification number other than a social security
14  number; (8) the name and address of the legal entity that is the employer; and (9) all applicable
15  hourly rates in effect during the pay period and the corresponding number of hours worked at
16  each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members
17  were not provided with accurate itemized wage statements.

18      34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
19  should have known that the Waiting Time Subclass was entitled to timely payment of wages due
20  upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did
21  not receive payment of all wages within the permissible time periods.

22      35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
23  should have known they had a duty to compensate Plaintiff and Class Members, and Defendants
24  had the financial ability to pay such compensation but willfully, knowingly, and intentionally
25  failed to do so in order to increase Defendants' profits.

26      36.     Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief
27  against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover,
28  among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal

-8-

CLASS ACTION COMPLAINT

1 period premium payments, unpaid rest period premium payments, unreimbursed business
2 expenditures, interest, attorneys' fees, penalties, costs, and expenses.

3 ### FIRST CAUSE OF ACTION

4 ### FAILURE TO PAY MINIMUM WAGES

5 (Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

6      37.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
7 though fully set forth herein.

8      38.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
9 fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
10 wage than the minimum so fixed is unlawful.

11      39.    Plaintiff and Class Members were employees entitled to the protections of Labor
12 Code §§ 1194 and 1197.

13      40.    During the relevant time period, Defendants failed to pay Plaintiff and Class
14 Members all wages owed when Defendants did not pay minimum wage for all hours worked.

15      41.    During the relevant time period, Defendants failed to pay at least minimum wage
16 to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

17      42.    Defendants' failure to pay Plaintiff and Class Members the required minimum
18 wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class
19 Members are entitled to recover the unpaid balance of their minimum wage compensation as
20 well as interest, costs, and attorneys' fees.

21      43.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to
22 recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued
23 interest thereon.

24 ### SECOND CAUSE OF ACTION

25 ### FAILURE TO PAY OVERTIME

26 (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

27      44.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28 though fully set forth herein.

-9-

EXHIBIT A  PAGE 19

1    45.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is
2    unlawful to employ persons without compensating them at a rate of pay either one and one-half
3    (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours
4    worked by the person on a daily or weekly basis.

5    46.    Specifically, the applicable IWC Wage Orders provide that Defendants are and
6    were required to pay overtime compensation to Plaintiff and Class Members at the rate of one
7    and one-half times (1½) their regular rate of pay when working and for all hours worked in
8    excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first
9    eight (8) hours of work on the seventh day of work in a workweek.

10   47.    The applicable IWC Wage Orders further provide that Defendants are and were
11   required to pay overtime compensation to Plaintiff and Class Members at a rate of two times
12   their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in
13   a day or in excess of eight (8) hours on the seventh day of work in a workweek.

14   48.    California Labor Code § 510 codifies the right to overtime compensation at one
15   and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a
16   day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh
17   consecutive day of work, and overtime compensation at twice the regular hourly rate for hours
18   worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
19   seventh day of work in a workweek.

20   49.    Labor Code § 510 and the applicable IWC Wage Orders provide that employment
21   of more than six days in a workweek is only permissible if the employer pays proper overtime
22   compensation as set forth herein.

23   50.    Plaintiff and Class Members were employees entitled to the protections of
24   California Labor Code §§ 510 and 1194.

25   51.    During the relevant time period, Defendants required Plaintiff and Class Members
26   to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh
27   consecutive day of work, entitling them to overtime wages.

28

-10-

CLASS ACTION COMPLAINT

52.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53.     In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

-11-

EXHIBIT A  PAGE 21

1  the total work period per day of the employee is not more than six (6) hours, the meal period may
2  be waived by mutual consent of both the employer and the employee.

3      60.    Labor Code § 512(a) also provides that an employer may not employ an employee
4  for a work period of more than ten (10) hours per day without providing the employee with a
5  second meal period of not less than thirty (30) minutes, except that if the total hours worked is no
6  more than twelve (12) hours, the second meal period may be waived by mutual consent of the
7  employer and the employee only if the first meal period was not waived.

8      61.    During the relevant time period, Plaintiff and Class Members did not receive
9  compliant meal periods for working more than five (5) and ten (10) hours per day because their
10 meal periods were missed, late, short, interrupted, and/or they were not permitted to take a
11 second meal period.

12     62.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require
13 an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of
14 compensation for each work day that a compliant meal period is not provided.

15     63.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal
16 period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)
17 and section 11 of the applicable IWC Wage Order.

18     64.    As a result of Defendants' failure to pay Plaintiff and Class Members an
19 additional hour of pay for each day a compliant meal period was not provided, Plaintiff and
20 Class Members suffered and continue to suffer a loss of wages and compensation.

21                          **FOURTH CAUSE OF ACTION**

22                       **FAILURE TO PERMIT REST BREAKS**

23      (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

24     65.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
25 though fully set forth herein.

26     66.    Labor Code § 226.7(a) provides that no employer shall require an employee to
27 work during any rest period mandated by the IWC Wage Orders.

28

                                    -12-

67.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

68.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

69.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

70.     At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

71.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

### FIFTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

(Violation of Labor Code §§ 2800, 2802)

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

74.     Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

-13-

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

75.     Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

76.     Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

77.     During the relevant time period, Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants.

78.     In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiff's and Class Members' work and job duties.

79.     As a direct result, Plaintiff and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code § 226; Violation of IWC Wage Order)

80.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

-14-

1    deductions, provided that all deductions made on written orders of the employee may be

2    aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

3    which the employee is paid, (7) the name of the employee and the last four digits of his or her

4    social security number or an employee identification number other than a social security number,

5    (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly

6    rates in effect during the pay period and the corresponding number of hours worked at each

7    hourly rate by the employee.

8        82.     During the relevant time period, Defendants have knowingly and intentionally

9    failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

10    and Class Members. The deficiencies include, among other things, the failure to correctly state

11    the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the

12    number of hours worked at each hourly rate by Plaintiff and Class Members.

13        83.     As a result of Defendants' knowing and intentional failure to comply with Labor

14    Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-

15    protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury

16    pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code §

17    226(a). Plaintiff and Class Members were denied both their legal right to receive, and their

18    protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In

19    addition, because Defendants failed to provide the accurate rates of pay on wage statements,

20    Defendants prevented Plaintiff and Class Members from determining if all hours worked were

21    paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit

22    in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses

23    and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had

24    Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also

25    delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

26        84.     Plaintiff and Class Members are entitled to recover from Defendants the greater of

27    all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty

28    dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars

-15-

1  ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding

2  four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

3      85.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and

4  Class Members from knowing, understanding, and disputing the wages paid to them and resulted

5  in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

6  intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members

7  have suffered an injury, in the exact amount of damages and/or penalties to be shown according

8  to proof at trial.

9                          SEVENTH CAUSE OF ACTION

10               FAILURE TO PAY TIMELY DURING EMPLOYMENT

11                       (Violation of Labor Code §§ 204, 210)

12     86.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13 though fully set forth herein.

14     87.    Pursuant to California Labor Code § 204, employees must be paid within a certain

15 number of days of the close of the pay period.

16     88.    During the relevant time period, Defendants failed to timely pay Plaintiffs and

17 Class Members wages earned during the pay period.

18     89.    Such a pattern, practice and uniform administration of corporate policy regarding

19 timely payment of wages as described herein is unlawful and creates an entitlement to recovery

20 by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed,

21 including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of

22 California Labor Code § 210.

23     90.    As a direct and proximate cause of these violations, Class Members have been

24 damaged, in an amount to be determined at trial.

25                          EIGHTH CAUSE OF ACTION

26   FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

27                   (Violation of Labor Code §§ 201, 202, and 203)

28

                                   -16-

                          CLASS ACTION COMPLAINT

91.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

92.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

93.     During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

94.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

95.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

96.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

## NINTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Violation of Business and Professions Code §§ 17200, *et seq.*)

97.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-17-

EXHIBIT A  PAGE 27

98.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

99.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

100.    Defendants' policies and practices violated state law in at least the following respects:

      (a)     Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members at the proper rate and in a timely manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

      (b)     Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

      (c)     Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

      (d)     Failing to reimburse Plaintiff and Class Members for necessary business-related expenses in violation of Labor Code §§ 2800 and 2802.

      (e)     Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

      (f)     Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

101.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages

-18-

(minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

102.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

103.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

104.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

105.    As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

106.    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

-19-

2.      For appointment of Rodolfo Celis Palomera as class representative;

3.      For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof at trial;

5.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6.      For economic and/or special damages in an amount according to proof at trial;

7.      For liquidated damages pursuant to Labor Code § 1194.2;

8.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.      For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.     For pre-judgment interest;

13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14.     For such other relief as the Court deems just and proper.

Dated: April 21, 2022                          **AEGIS LAW FIRM, PC**

By: _____
                          Jessica L. Campbell
                          Attorneys for Plaintiff Rodolfo Celis Palomera

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

-20-

CLASS ACTION COMPLAINT

1

2   Dated: April 21, 2022                    AEGIS LAW FIRM, PC

3

4                                    By: 

5                                        Jessica L. Campbell
                                         Attorneys for Plaintiff Rodolfo Celis Palomera
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

CLASS ACTION COMPLAINT

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

---

COMPLEX FACT SHEET

---



## WHAT IS THE CIVIL COMPLEX CENTER?

It is a 36,000 square foot, five-courtroom facility that is the first of its kind in Southern California.  It was specially designed to manage complex civil litigation.

## WHAT IS A CIVIL COMPLEX CASE?

A "complex case," as defined by Rule 3.400 of the California Rules of Court, is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties and counsel.

## CHARACTERISTICS OF COMPLEX CIVIL CASES:

- ANTITRUST OR TRADE REGULATION CLAIMS

- CONSTRUCTION DEFECT CLAIMS INVOLVING MANY PARTIES OR STRUCTURES

- SECURITIES CLAIMS OR INVESTMENT LOSSES INVOLVING MANY PARTIES

- ENVIRONMENTAL OR TOXIC TORT CLAIMS INVOLVING MANY PARTIES

- CLAIMS INVOLVING MASS TORTS

- CLAIMS INVOLVING CLASS ACTIONS

- INSURANCE COVERAGE CLAIMS INVOLVING TRADE REGULATIONS OR CLASS ACTIONS

- OTHER CASES WHICH INVOLVE:

NUMEROUS PRETRIAL MOTIONS RAISING DIFFICULT OR NOVEL LEGAL ISSUES THAT WILL BE TIME-CONSUMING TO RESOLVE

MANAGEMENT OF A LARGE NUMBER OF WITNESSES OR A SUBSTANTIAL AMOUNT OF DOCUMENTARY EVIDENCE

MANAGEMENT OF A LARGE NUMBER OF SEPARATELY REPRESENTED PARTIES

COORDINATION WITH RELATED ACTIONS PENDING IN ONE OR MORE COURTS IN OTHER COUNTIES, STATES, OR COUNTRIES, OR IN FEDERAL COURT.

1

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

COMPLEX FACT SHEET

# How does the Center benefit the Court?

The Superior Court of the State of California, County of Orange was able to accomplish two objectives in establishing the Civil Complex Center.

1.      The court has integrated technological innovations into the design of the courtrooms to accommodate laptops and information processing systems which are needed to make more efficient use of court time and reduce trial length. Complex civil cases often involve full boxes of documents and storerooms of evidence which can be difficult to access and time-consuming at trial without the assistance and speed of automation and electronic displays.

2.      The court and county are now able to complete a needed floor by floor renovation of the Central Justice Center (CJC) without leasing space for the five courtrooms which formerly occupied space on the 11th floor of the CJC.

## Complex Litigation Pilot Program

Orange County Superior Court is one of only six courts in the state, selected by the Administrative Office of the Courts (AOC), to participate in the Complex Civil Litigation Pilot Program. Other participating courts are Alameda, Contra Costa, Los Angeles, San Francisco and Santa Clara. Partially funded by the Judicial Administration Efficiency and Modernization Fund in the 1999 Budget Act, the goal of the program is to identify successful programs or procedures that can be replicated by other courts to provide prompt, cost-effective, and fair resolutions of complex cases.

Additionally, the information learned during the complex pilot program will be included in the "Deskbook on the Management of Complex Civil Litigation", a manual that is used by state court judges and litigators to help them identify and handle complex cases more efficiently.

## Details on Technology:

In the past, litigants would bring heavy boxes loaded with paper documents to court and often would take court time to sift throughout the information while presenting their case. Those with information stored electronically would bring their own projector and other bulky equipment that would create safety hazards with dangling cords and wires, often creating an electronic circus.

Today, the Civil Complex Center courtrooms can be described as "plug and play". Litigants just need to bring their laptop and information on a CD-ROM. The necessary infrastructure (wiring, conduit, floor receptacles and connectors) is provided.

2

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

---

### COMPLEX FACT SHEET

---

Effective September 1, 2007, attorneys have the option of providing, or partnering with a vendor of their choice to provide, necessary computer equipment for any courtroom at the Civil Complex Center.

Monitors are provided at the counsel tables, the judge's bench and the witness box. There are 46-inch LCD panels for the jury to view exhibits and presentations.  The judge's bench has a kill switch to make the screens blank if information is presented that should not be seen by the jury.

3

☑ *Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.*



## GUIDELINES

### ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program.  Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation.  These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases.  It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"], Local Rules – Superior Court of California, County of Orange,* and these *Guidelines* is expected.  The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism.*  (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

1

EXHIBIT A  PAGE 35

## I. GENERAL MATTERS

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq.* All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (657) 622-5314. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 should not be used in any action designated or provisionally designated as*

2

*complex.*  Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference.  The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate.  A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial.  However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible.  To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided.  The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings.  A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial. The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1. **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

3

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and     resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial**

4

Conference is not a substitute for the Issues Conference required by Local Rule 317.

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

## IX. Use of the Court's Evidence Presentation Systems

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the

use of an electronic evidence presentation system.     Electronic evidence
presentation systems must be compatible with the court's infrastructure (video
distribution amplifier, wiring, conduit, floor receptacles and connectors).

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is
exclusively electronic in form must present the evidence in PDF file format and
stored on CD-R. Whenever evidence is presented electronically, the physical
custody of exhibits by the clerk is replaced by the electronic record of the
exhibits. Evidence must be in sequential order with the exception of JPEG and
MPEG files which shall be stored on separate discs. Counsel may also prepare
electronic evidence using alternate non-proprietary formats subject to the
approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is
electronically presented at the trial, the court may require counsel to
periodically submit to the clerk an up-to-date CD containing exhibits received
into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and
substitution of exhibits. Counsel are expected to be prepared to submit an up-
to-date evidence CD with all redactions, modifications, and substitutions, as
well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible
for having the document electronically recorded upon being offered into
evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation,
the parties are required to meet and confer and submit the final joint exhibit list
containing only those exhibits received into evidence. The CD used by the
jurors must include the joint exhibit list and the electronically stored exhibits
which have been entered into evidence. Submission of the joint evidence CD
also serves as a stipulation that all exhibits presented in electronic form to the
jury are complete and correct. Any disagreement must be brought to the
attention of the court at the earliest reasonable time. Counsel must lodge two
(2) evidence CDs of all exhibits received into evidence.

## X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues
Conference before resorting to filing a motion *in limine*. It is frequently more productive
of court time, and the client's money for counsel to informally address at the Issues
Conference the issues which could be raised in motions *in limine* and, instead of a
motion, present a stipulation to the court on uncontested issues. Matters of day-to-day

6

trial logistics and common professional courtesy should not be the subject of motions *in limine*.  These are matters of common professional courtesy that should be accorded counsel in all trials. See, <u>Kelly v. New West Federal Savings</u> (1996) 49 Cal.App.4[th] 659,671.


### APPENDIX 1
### California Attorney Guidelines of Civility and Professionalism
(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

EXHIBIT A  PAGE 42

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

---

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

9

(Rev. May 4, 2010)

EXHIBIT A  PAGE 43

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the
ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint,
an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR
and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to
any applicable local court rules and directions for contacting any   court   staff
responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution   programs   funded
under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are
participating in the DRPA. This information may take the form of a list of   the
applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR
process.

(b) A court may make the ADR Information Package available on its website as long as
paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant
along with the complaint. Cross-complainants must serve a copy of the ADR
Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT A  PAGE 44

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

### ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

L1200 Rev. Dec. 2019                                                                 Page 3 of 4

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:

- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                    STATE:         ZIP CODE:<br>TELEPHONE NO.:                           FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility -- 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

CM-010

Electronically Filed by Superior Court of California, County of Orange, 04/21/2022 02:44:59 PM.
30-2022-01256009-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jessica L. Campbell, Esq. (SBN: 280426), AEGIS LAW FIRM, PC
9811 Irvine Center Drive, Suite 100, Irvine, CA 92618

TELEPHONE NO.: 949.379.6250   FAX NO. (Optional): 949.379.6251
E-MAIL ADDRESS: jcampbell@aegislawfirm.com
ATTORNEY FOR (Name): Plaintiff Rodolfo Celis Palomera

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Palomera v. Performance Contracting, Inc. and Performance Contracting Group, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited | [ ] Counter   [ ] Joinder | 30-2022-01256009-CU-OE-CXC |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Randall J. Sherman |
| | | DEPT.: CX-305 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Nine
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: April 21, 2022

Jessica L. Campbell
_____
(TYPE OR PRINT NAME)

►   _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**EXHIBIT A  PAGE 49**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**EXHIBIT A  PAGE 50**

1  **AEGIS LAW FIRM, PC**
   SAMUEL A. WONG, State Bar No. 217104
2  KASHIF HAQUE, State Bar No. 218672
   JESSICA L. CAMPBELL, State Bar No. 280626
3  9811 Irvine Center Drive, Suite 100
   Irvine, California 92618
4  Telephone: (949) 379-6250
   Facsimile:  (949) 379-6251
5  Email:  jcampbell@aegislawfirm.com

6  Attorneys for Plaintiff Rodolfo Celis Palomera, individually,
   and on behalf of all others similarly situated.
7

8

9

10

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                  **FOR THE COUNTY OF ORANGE**

13  RODOLFO CELIS PALOMERA,              Case No. 30-2022-01256009-CU-OE-CXC
    individually and on behalf of all others
14  similarly situated,                  *Assigned for All Purposes to:*
                                         *Judge Randall J. Sherman*
15          Plaintiffs,                  *Dept. CX-105*

16      v.                               **NOTICE OF RULING**

17
    PERFORMANCE CONTRACTING, INC.;
18  PERFORMANCE CONTRACTING
    GROUP, INC.; and DOES 1 through 20,
19  inclusive,

20          Defendants.
21

22

23

24

25

26

27

28

                          NOTICE OF RULING

1    **TO THE PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** that the Court has deemed the above-captioned matter to be

3    Complex. The Initial Case Management Conference has been set for September 16, 2022, at 9:00

4    a.m. in Department CX105 of the above-entitled court. Attached hereto as Exhibit A is a copy of

5    the Court's Order.

6

7

8    Dated:  June 21, 2022              **AEGIS LAW FIRM, PC**

9

10

11                                        Jessica L. Campbell

12                                        Attorneys for Plaintiff Rodolfo Celis Palomera

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

NOTICE OF RULING

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 06/08/2022            TIME: 03:51:00 PM       DEPT: CX105

JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: J. Phu
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2022-01256009-CU-OE-CXC**   CASE INIT.DATE: 04/21/2022
CASE TITLE: **Palomera vs. Performance Contracting, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 73778973
**EVENT TYPE:** Chambers Work

---

### APPEARANCES

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Initial Case Management Conference is scheduled for 09/16/2022 at 09:00 AM in Department CX105.**

Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a Case Management Statement that covers the applicable subjects set forth in CRC Rule 3.727. The parties are encouraged to meet and confer and file a Joint Case Management Statement. Counsel should begin the Case Management Statement with a brief, objective summary of the case, its procedural status, the contentions of the parties, and any special considerations of which the Court should be aware. Do NOT use Judicial Council Form CM-110, the Case Management Statement form used for non-complex cases.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

---

**EXHIBIT A  PAGE 53**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Palomera vs. Performance Contracting, Inc.

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01256009-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 06/08/22, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on June 8, 2022, at 3:56:48 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

AEGIS LAW FIRM
JCAMPBELL@AEGISLAWFIRM.COM

Clerk of the Court, by: _____ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

Code of Civ. Proc. 1013a     EXHIBIT A PAGE 54

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with Aegis Law Firm PC and

3   my business address is 9811 Irvine Center Drive, Suite 100, Irvine, California 92618.
       On June 21, 2022, I served the foregoing document entitled:

4

5   • **NOTICE OF RULING**

on all the appearing and/or interested parties in this action by delivering ☐ *the original* ☒ *a true*

6   *copy* thereof on the party(ies) addressed below as follows:

7   Legalinc Registered Agents, Inc.
Four Embarcadero Center, Suite 1400 #85

8   San Francisco, CA 94111

9   *Agent for Service of Process for Defendants:*
PERFORMANCE CONTRACTING, INC. and PERFORMANCE CONTRACTING GROUP,

10  INC

11  ☒   **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

12       Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service

13       is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit. (*Cal Code Civ. Proc.* § 1013(a); *Fed.*

14       *R. Civ. Proc.* 5(a); *Fed. R. Civ. Proc.* 5(c).)

15  ☐   **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Aegis Law Firm PC for collection and processing correspondence for

16       overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained Federal Express for overnight delivery. (*Cal*

17       *Code Civ. Proc.* § 1013(c); *Fed. R. Civ. Proc.* 5(c).)

18  ☐   **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission via the above listed email addresses on the date below. (*Cal.*

19       *Code Civ. Proc.* § 1010.6(6); *Fed. R. Civ. Proc.* 5(b)(2)(E); *Fed. R. Civ. Proc.* 5(b)(3).)

20  ☐   **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above. (*Cal Code Civ. Proc.* § 1011; *Fed. R. Civ. Proc.*

21       5(b)(2)(A).)

22       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24       Executed on June 21, 2022, at Irvine, California.

25

26

27                                              Delaney Graves

28

**CERTIFICATE OF SERVICE**

EXHIBIT A  PAGE 55